# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 19-0778** (Putnam County 18-F-143)

**David T.,**
**Defendant Below, Petitioner**

**FILED**
**November 4, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner David T., by counsel Shawn D. Bayliss, appeals the July 31, 2019, order of the Circuit Court of Putnam County sentencing him to an aggregate indeterminate two-to-ten-year term of incarceration and a fifty-year term of supervised release for his conviction of two counts of first-degree sexual abuse.[1] The State of West Virginia, by counsel Karen Villanueva-Matkovich, filed a response in support of the circuit court's order. On appeal, petitioner argues that the circuit court's imposition of a fifty-year term of extended supervision is disproportionate to the crimes for which he was sentenced.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In November of 2018, petitioner was indicted on four counts of sexual abuse by a parent, guardian, custodian, or other person in a position of trust, three counts of first-degree sexual abuse, and one count of first-degree sexual assault. Petitioner pled guilty to two counts of first-degree sexual abuse in April of 2019, and the State, in exchange, dismissed the remaining counts of the indictment. Thereafter, petitioner participated in an evaluation for community placement. The

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

evaluator opined that petitioner was a low risk to reoffend and could be suitably maintained in the community.

In July of 2019, the circuit court held a sentencing hearing and heard testimony from the victims and the community placement evaluator. Ultimately, the circuit court sentenced petitioner to a one-to-five-year term of incarceration for each count of first-degree sexual abuse, to be served consecutively.[2] Additionally, the circuit court sentenced petitioner to fifty-years of supervised release, pursuant to West Virginia Code § 61-12-26.[3] Petitioner now appeals the circuit court's July 31, 2019, sentencing order.

Petitioner argues that the circuit court's imposition of fifty-years of supervised release is cruel and unusual and disproportionate to the crimes he committed. Petitioner emphasizes that the circuit court imposed a period of supervised release that was "quintuple" his term of incarceration. According to petitioner, the circuit court abused its discretion by imposing such a lengthy period of supervised release.

First, we note that this Court reviews sentencing orders "under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, in part, *State v. Adams*, 211 W. Va. 231, 565 S.E.2d 353 (2002) (citations omitted). We have also held that "[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982). Petitioner concedes that his sentence of incarceration is within statutory limits and not based on some impermissible factor. Therefore, we find no error in the circuit court's imposition of that sentence.

In regard to his allegation that the fifty-year period of supervised release is disproportionate to his crimes, petitioner acknowledges that this Court "has repeatedly held" that West Virginia Code § 62-12-26 is not facially unconstitutional on cruel and unusual punishment grounds. Indeed, this Court fully addressed this constitutional argument in *State v. James*, 227 W. Va. 407, 710 S.E.2d 98 (2011). In syllabus point nine of *James*, we held that

> West Virginia Code § 62-12-26 (2009) does not facially violate due process principles of the Fourteenth Amendment to the Constitution of the United States or

---

[2]West Virginia Code  61-8B-7(b), which sets forth the elements of first-degree sexual abuse, provides that "[a]ny person who violates the provisions of this section shall be guilty of a felony, and, upon conviction thereof, shall be imprisoned in state correctional facility not less than one year nor more than five years."

[3]West Virginia Code § 62-12-26(a) provides, in relevant part, that

> any defendant convicted . . . of a violation of section twelve, article eight, chapter sixty-one of this code or a felony violation of the provisions of article eight-b . . . shall, as part of the sentence imposed at final disposition, be required to serve, in addition to any other penalty or condition imposed by the court, a period of supervised release of up to fifty years.

Article III, Section 10 of the Constitution of West Virginia. The terms of the statute neither infringe upon a criminal defendant's right to jury determination of relevant factual matters, nor are the provisions of the statute regarding conditions of unsupervised release unconstitutionally vague.

*Id*, at 411, 710 S.E.2d at 102. Furthermore, we held in syllabus point six of *James* that:

West Virginia Code § 62-12-26 (2009) is not facially unconstitutional on cruel and unusual punishment grounds in contravention of the Eighth Amendment to the United States Constitution or Article III, § 5 of the West Virginia Constitution.

*Id*, at 410, 710 S.E.2d at 101. Additionally,

the Legislature has determined that in order to adequately protect society, the crimes enumerated in the supervised release statute require community-based supervision and treatment over and above incarceration. Supervised release is a method selected by the Legislature to address the seriousness of these crimes to the public welfare and to provide treatment during the transition of offenders back into society with the apparent goal of modifying the offending behavior. Similarly, we fail to see that the provisions of the supervised relief statute as facially flawed because they unfailingly result in a disproportionate punishment in consideration of the nature of the offenses committed. The appropriate period of transition through supervised release in each case is largely left to the determination and sound discretion of the sentencing court.

*Id*, at 416, 710 S.E.2d at 107. We decline petitioner's invitation to reconsider these prior holdings regarding West Virginia Code § 62-12-26. Notably, this Court has upheld sentences where the ratio of incarceration to supervised release is higher than the ratio in petitioner's case. Moreover, we find this comparison to be unpersuasive. *See State v. Hargus*, 232 W. Va. 735, 753 S.E.2d 893 (2013) (upholding the circuit court's sentence of two years of incarceration followed by thirty years of supervised release for one count of possession of materials depicting a minor engaged in sexually explicit conduct). In this case, the circuit court's imposition of supervised release is within statutory limits and, given the facts and circumstances of this case, we find no abuse of discretion in the fifty-year term of supervised release imposed.

Petitioner also argues that the imposition of a term of supervised release, for which the violation of terms can result in subsequent incarceration, is a violation of his constitutional protection against double jeopardy. The Court considered this argument in syllabus point four of *Hargus*, and held that

"[t]he imposition of the legislatively mandated additional punishment of a period of supervised release as an inherent part of the sentencing scheme for certain offenses enumerated in West Virginia Code § 62–12–26 (2009) does not on its face violate the double jeopardy provisions contained in either the United States Constitution or the West Virginia Constitution." Syl. pt. 11, *State v. James,* 227 W.Va. 407, 710 S.E.2d 98 (2011).

232 W. Va. at 735, 753 S.E.2d at 896. Petitioner's incarceration, term of supervised release, and potential post-revocation sanctions are "part of a single sentencing scheme arising from [his] original conviction" and do not violate his double jeopardy rights. *Id*. at 743, 753 S.E.2d at 902. We decline to modify this prior holding. Accordingly, petitioner is entitled to no relief on appeal.

For the foregoing reasons, the circuit court's July 31, 2019, sentencing order is hereby affirmed.

Affirmed.

**ISSUED**: November 4, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison